# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
                                     )
       v.                    ) Criminal No. 07-101
                                     ) Civil Action No. 09-1050
ROGER WILSON               )

## O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Roger Wilson ("petitioner"). For the following reasons, petitioner's motion will be denied.[1]

On May 2, 2006, a grand jury returned a ninety-six count indictment at Criminal No. 06-316 against ten defendants involved in a cocaine distribution conspiracy. Petitioner was charged at sixteen of those counts with: conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine (Count One); possession with intent to distribute 500 grams or

---

[1] Also pending is petitioner's motion for appointment of counsel. It long has been established that there is no federal constitutional right to counsel when mounting a collateral attack upon a criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). While Rule 8 of the Rules Governing §2255 Proceedings requires the appointment of counsel when an evidentiary hearing is warranted, see also United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), the decision to appoint counsel in a §2255 proceeding otherwise is left to the discretion of the court. See 18 U.S.C. §3006A(a)(2)(B). ("[w]henever ... the court determines that the interests of justice so require, representation may be provided" in a §2255 proceeding) (emphasis added). Here, as discussed below, petitioner has not advanced any claims in his §2255 motion for which an evidentiary hearing is warranted and the interests of justice do not otherwise indicate that counsel need be appointed.

more of cocaine (Count Three); attempting to possess with intent to distribute 5 kilograms or more of cocaine (Count Five); and, thirteen counts of using a communication facility to facilitate a narcotics conspiracy (Counts 10, 13, 15, 18, 20, 25, 29, 37, 39-40, 57-58 & 65).

On March 21, 2007, a grand jury returned a one-count indictment against petitioner at Criminal No. 07-101 charging him with possession with intent to distribute less than 500 grams of cocaine while on pretrial release for the offenses charged at Criminal No. 06-316.

On October 10, 2007, petitioner, pursuant to a written plea agreement, entered pleas of guilty at Count One at Criminal No. 06-316 and at Count One at Criminal No. 07-101. On January 8, 2008, petitioner was sentenced to a term of imprisonment of 65 months consisting of 60 months at each of Count One at Criminal No. 06-316 and Count One at Criminal No. 07-101, to be served concurrently, and, pursuant to 18 U.S.C. §3147, a consecutive term of 5 months because petitioner committed the offense at Criminal No. 07-101 while on pretrial release for the offenses charged at Criminal No. 06-316. Petitioner's conviction and sentence subsequently were affirmed by the United States Court of Appeals for the Third Circuit.

Petitioner timely filed the instant §2255 motion asserting three grounds for relief: (1) unconstitutional search and seizure resulting from a search warrant that lacked an affidavit of probable cause; (2) unlawful arrest arising from that

unconstitutional search; and, (3) ineffective assistance of counsel based on the assertion that "counsel wouldn't do anything for me." Upon due consideration of petitioner's motion and supplement, the government's response and petitioner's reply[2], the court finds that petitioner is not entitled to relief under §2255.[3]

---

[2] On May 13, 2011, petitioner filed an untitled motion to have his conviction "thrown out with prejudice." (Document No. 65). Upon the filing of his original §2255 motion, petitioner was sent a Notice (Document No. 57) advising him that §2255 requires all movants to file "a single petition raising all claims for relief and the materials to be submitted in support thereof." United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). Petitioner responded to that Notice by indicating that he wished to have his §2255 motion "reviewed the way it is." (Document No. 58). In any event, there is nothing in petitioner's latest filing that would alter in any way the court's findings herein.

[3] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Rule 8 provides:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the

Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

Here, for a plethora of reasons, the allegations set forth by petitioner fall woefully short of the "exceptional circumstances" by which relief would be appropriate under §2255.

Initially, petitioner's plea agreement contains express provisions waiving both his direct appeal and collateral attack rights. In affirming petitioner's conviction and sentence on direct appeal, the Third Circuit Court of Appeals found that petitioner's "appellate waiver is valid and controlling" and did

---

motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds, for the reasons set forth in this opinion, that the record, along with the court's personal knowledge of the case, affirmatively establish as a matter of law that petitioner's claims for relief have been waived, and otherwise are meritless, and therefore no hearing is required.

AO 72
(Rev. 8/82)

not reach the merits of petitioner's appeal. <u>United States v. Wilson</u>, 337 Fed. Appx. 155, 2009 WL 1931177 (3d. Cir., July 7, 2009); <u>see</u> <u>also</u> <u>United States v. Khattak</u>, 273 F.3d 557, 562 (3d Cir. 2001) (waivers of appeal are valid as long as they are knowing and voluntary).

Likewise, petitioner's waiver of his collateral attack rights in this case is "valid and controlling." The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." <u>United States v. Mabry</u>, 536 F.3d 231, 237 (3d Cir. 2008).

Here, there is nothing to suggest that petitioner's waiver of his collateral attack rights was not knowing and voluntary. Although petitioner makes the conclusory allegation that his guilty plea was "coerced," the record, which includes the transcript from petitioner's change of plea hearing, belies that contention. Rather, a finding of involuntariness effectively is foreclosed by petitioner's admissions at the change of plea hearing during the colloquy with this court,[4] and petitioner has

---

[4] Although a review of the change of plea colloquy indicates that the court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence with a §2255 motion, the court finds in this case that this error did not affect petitioner's substantial rights and is no ground to render petitioner's waiver

AO 72
(Rev. 8/82)

raised no new meritorious allegations that his plea otherwise was coerced.

Nor can petitioner demonstrate that enforcement of the collateral attack waiver would work a miscarriage of justice. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." <u>Mabry</u>, 536 F.3d at 242-3. This circuit has identified instances that may constitute a miscarriage of justice, such as if enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. <u>Id</u>. at 243 (citing <u>United States v. Shedrick</u>, 493 F.3d 292, 303 (3d Cir. 2007); <u>United States v. Wilson</u>, 429 F.3d 455 (3d Cir. 2005)).

---

of his collateral attack rights unenforceable. <u>See</u> <u>United States v. Goodson</u>, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected). Here, the collateral attack waiver, just as the appellate waiver which the appellate court found valid and enforceable on direct review, was clearly set forth in the written plea agreement. Plea Agreement, ¶A.8. The government summarized the plea agreement at the plea hearing and reviewed all of the agreement's terms, including the appellate and collateral attack waiver provisions. Plea Transcript at 19-22. When the court asked petitioner whether he had any questions regarding the plea agreement, he stated while under oath that he did not. <u>Id</u>. at 22. Petitioner executed the plea agreement, acknowledging that he read the document and discussed it with his attorney, and affirmed under oath that he did so. It is clear from the record that petitioner's assent to the plea agreement, including the collateral attack waiver provision, was voluntary and knowing and that he acknowledged the agreement while under oath.

Here, the collateral attack waiver agreed to by petitioner was broad and contained <u>no</u> exceptions, stating that he "<u>waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.</u>" Plea Agreement, ¶A.8 (emphasis added). Nor has petitioner identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." <u>Mabry</u>, 536 F.2d at 243.

Petitioner's first two grounds for relief clearly are frivolous. His first ground asserts that the search of his girlfriend's apartment in February of 2007 was unconstitutional because the search warrant "did not have an affidavit of probable cause." This assertion is false. In fact, the government has provided the affidavit of probable cause as an exhibit in this proceeding and that affidavit establishes more than a "fair probability that contraband or evidence of a crime" would be found there. <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983). Moreover, petitioner's second ground for relief, that his arrest was unlawful due to the alleged illegality of the search, likewise is frivolous.[5]

---

[5] The court further notes that petitioner waived his first two grounds for relief not only by the express waiver provision of the plea agreement, but also by the fact that he failed to raise either of these grounds in his direct appeal. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)("[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or

AO 72
(Rev. 8/82)

Petitioner's third ground for relief, which alleges ineffective assistance of counsel, likewise is frivolous. First, the petition itself contains nothing other than petitioner's unsupported assertion that "counsel wouldn't do anything for me and all he had to do was ask for me to be released!" It is not even clear from the petition whether petitioner is referring to his retained trial-level counsel, Paul Boas, Esq., or to his court-appointed appellate attorney, William Kacynski, Esq. The only reference to ineffective assistance of counsel in petitioner's reply is that "my attorney did not raise my violation of the 4th Amend. once during my trial or appeal."

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Here, petitioner can show neither ineffective assistance nor prejudice. Indeed, competent counsel learned in the applicable law would not have raised the meritless arguments advanced by

_____

that he is 'actually innocent.'" <u>See</u> <u>also</u> <u>United States v. Frady</u>, 456 U.S. 152, 167 (1984). Contrary to petitioner's unsupported assertions he clearly has not shown his actual innocence. In addition, the search petitioner challenges only affects the charges at Criminal No. 07-107 and has no bearing on the charges set forth at Criminal No. 06-316. Accordingly, even if petitioner would have been able to advance a successful Fourth Amendment argument, he still would not be able to establish prejudice because he was sentenced to <u>concurrent</u> terms of 60 months for his convictions at <u>both</u> Count One at 06-316 and Count One at 07-107.

AO 72
(Rev. 8/82)

petitioner in his pending §2255 motion. As already noted, both of petitioner's substantive arguments, that the search of his girlfriend's residence and his subsequent arrest arising from that search, are predicated on the false assertion that the search warrant did not include an affidavit of probable cause. Neither trial counsel nor appellate counsel possibly could be accused of "ineffectiveness" by failing to raise arguments premised on a falsity.

Nor can it be argued rationally that petitioner's trial counsel was ineffective in negotiating the plea agreement that contained the collateral attack waiver provision which petitioner would be required to show to establish a miscarriage of justice sufficient to preclude enforcement of the waiver of his collateral attack rights.

In the context of an ineffective assistance of counsel claim relating to guilty pleas, the prejudice prong of the Strickland test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Here, petitioner has not even attempted to show that he would not have pled guilty and would have proceeded to trial but for counsel's allegedly ineffective performance.

The record as it stands before the court conclusively establishes that petitioner's counsel was not ineffective in negotiating the plea agreement containing the collateral attack

AO 72
(Rev. 8/82)

waiver. The evidence against petitioner, which the government set forth in the factual basis at the change of plea hearing, (Plea Transcript at 23-26), and to which petitioner concurred at that hearing, (Plea Transcript at 26), was overwhelming.

Faced with that evidence, counsel nevertheless was able to negotiate a plea agreement which not only spared petitioner from a trial but also resulted in the dismissal of 15 other counts which carried the risk of a much more significant period of incarceration. Indeed it strains credulity to suggest that retained counsel was "ineffective" in negotiating a plea deal whereby petitioner pled guilty to a lesser quantity of drugs and received a sentence of 65 months, which not only was below the advisory guidelines range of 70-87 months, but also was, as noted by the appellate court, "decades short of the operative statutory maximums."

Because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 and the enforcement of that waiver does not work a miscarriage of justice, the court concludes that petitioner's waiver of his collateral attack rights in this case is valid and controlling. Accordingly, petitioner's §2255 motion will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary

means of separating meritorious from frivolous appeals." <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of the constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. <u>See Santana v. United States</u>, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 is denied. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: _May 16, 2011_

cc: Troy Rivetti
Assistant U.S. Attorney

Roger Wilson

AO 72
(Rev. 8/82)