IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-316-4 & |
| ) | 07-101 |
| ROGER WILSON ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court are a pro se motion to overturn conviction/withdraw guilty plea (Document No. 594 at CR 06-316-4 and Document No. 104 at CR 07-101) and a pro se motion to appoint counsel (Document No. 595 at CR 06-316-4 and Document No. 105 at CR 07-105) filed by Roger Wilson ("defendant") in the above-captioned cases. For the following reasons, defendant's motions will be denied.

First, defendant's motion to appoint counsel will be denied. Defendant once again is attempting to collaterally attack his conviction and sentence. As this court has recognized on multiple occasions in this case, it long has been established that there is no federal constitutional right to counsel when mounting a collateral attack upon a criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Accordingly, to the extent defendant is attempting to collaterally attack his conviction and sentence, he has no constitutional right to counsel in pursuing

that relief, and his request for appointment of counsel will be denied.[1]

Moreover, this court has no authority to overturn defendant's conviction or sentence. The identical allegations set forth in defendant's pending motion have been raised by defendant and rejected by this court on <u>multiple</u> occasions and this court's orders as well as defendant's conviction and sentence have been affirmed three times by the United States Court of Appeals for the Third Circuit. Accordingly, defendant's conviction and sentence are final and his motion to overturn his conviction likewise will be denied.

An appropriate order will follow.

ORDER

AND NOW, this 15-th day of March, 2012, for the foregoing reasons, IT IS ORDERED that defendant's pro se motion to overturn conviction/withdraw guilty plea (Document No. 594 at CR 06-316-4 and Document No. 104 at CR 07-101) be, and the same hereby is, **denied**; and,

---

[1] The court recently appointed Assistant Federal Public Defender Tara Allen for the limited purpose of representing defendant at a hearing to modify the conditions of his supervised release. Defendant was entitled to counsel for such a purpose under 18 U.S.C. §3583(e)(2) and Fed. R. Crim. P. 32.1(c)(1). However he is not entitled to counsel to pursue a collateral attack on his sentence. The court also notes that despite Attorney Allen's zealous and exceptional representation of defendant at the supervised release modification hearing, within hours of that hearing defendant notified the court that he was dissatisfied with Attorney Allen's representation and that he was "terminating" her as his counsel.

IT FURTHER IS ORDERED that defendant's pro se motion to appoint counsel (Document No. 595 at CR 06-316-4 and Document No. 105 at CR 07-105) be, and the same hereby is, **denied**.

／s／ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Troy Rivetti
Assistant United States Attorney

Roger Wilson

AO 72
(Rev. 8/82)